IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CIVIL DIVISION

| | |
|---|---|
| BETH A. COX, individually on behalf of the wrongful death class, and as Next Friend for her minor children MIRIAM COX, MORIAH COX and ESTHER COX; MICAH COX; and RICHARD D. LABLUE, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY, INC.; MICHELIN NORTH AMERICA, INC.; MICHELIN CORPORATION; and ESTATE OF BRADLEY AARON COX, <br><br> Defendants. | CASE NO: **4:17-cv-00111** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Michelin North America, Inc., ("MNA") and Michelin Corporation ("Michelin Corp.") (collectively, "Michelin") through undersigned counsel, hereby submit this Notice of Removal of the above-captioned action from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, and state as follows:

1. This is a products liability action for injuries allegedly sustained as a result of a car accident.

2. Plaintiffs Micah Cox, Richard LaBlue, and Beth Cox, individually on behalf of the wrongful death class, and as Next Friend for her minor children (collectively, "Plaintiffs"), started this action on January 12, 2017, by filing their Petition (the "Petition") in the Circuit

Court of Jackson County, Missouri. Plaintiffs served a copy of the summons and Petition on MNA and Michelin Corp. on January 16, 2017. Plaintiffs served a copy of the summons and Petition on Ford on January 16, 2017.

3. The Petition alleges that Bradley A. Cox ("Decedent") was operating a 2001 Ford Econoline 350 (the "Subject Van") when the vehicle's rear passenger side tire ("Subject Tire"), alleged to be a Uniroyal Liberator A/T, "failed, deflated, de-treaded, and became detached from the wheel." (Pet'n ¶¶ 13, 15, 16.)

4. At the time of the incident ("Subject Incident"), Decedent was operating the vehicle. (Pet'n ¶ 13.) The Subject Van was occupied by, amongst others, Plaintiffs Beth Cox, Micah Cox, and Richard LaBlue. (*Id.* ¶ 14.) Plaintiff Beth Cox was Decedent's spouse. (*Id.* ¶ 10.) Plaintiff Micah Cox is Decedent's adult child. (*Id.* ¶¶ 5, 10.) On information and belief, Plaintiff Richard LaBlue is Decedent's adult son-in-law, married to Decedent's child Rebekah LaBlue. (*Id.* ¶¶ 6. 10.) Plaintiff Beth Cox's and Decedent's minor children Miriam Cox, Moriah Cox, and Esther Cox were also alleged to be in the Subject Van. (*Id.* ¶¶ 2-4, 10, 14.)

5. Plaintiffs assert claims for strict liability, negligence, "breach of express/implied warranty," and punitive damages against Michelin and Ford. Plaintiffs also include a claim for negligence against the Estate of Bradley Aaron Cox. Plaintiffs seek to recover past and future "pecuniary and non-pecuniary losses [from Decedent's death] including, but not limited to, loss of services, companionship, comfort, instruction, guidance, counsel, training, support, attention, marital and parental care, advise, and protection; loss of earnings the deceased would have provided; funeral expenses; and mental anguish and suffering." (*Id.* ¶ 18.) Plaintiffs have also sued for their own past and future pecuniary and non-pecuniary damages, including, but not limited to, medical expenses, loss of earnings, and pain and suffering, for the injuries each

allegedly sustained as part of the Subject Incident, which include "a left distal radial metaphyseal fracture, contusions, and abrasions," "multiple lacerations and abrasions," "a concussion and abrasions," "a buckle fracture of the left distal radial diaphysis, and abrasions," "multiple lacerations and abrasions resulting in nerve damage in [the] left lower extremity," and "facial injuries and disfigurement to the right side of his face and eye." (*Id.* ¶¶ 19-24.) Plaintiffs additionally seek punitive damages against Michelin and Ford. (*Id.* ¶¶ 91-92.)

## I. THIS COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

### A. A Sufficient Amount is in Controversy

7. The amount in controversy exceeds $75,000, exclusive of interest and costs. The Petition does not demand a specific amount. *See* Mo. R. Civ. P. 55.05 (stating that "in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority").

8. Plaintiffs seek to recover for pecuniary and non-pecuniary losses including, but not limited to, loss of services, companionship, comfort, instruction, guidance, counsel, training, support, attention, marital and parental care, advice, and protection, loss of earnings the deceased would have provided, funeral expenses, and mental anguish and suffering. (Pet'n ¶ 18.)

9. Where, as here, a plaintiff seeks recovery for wrongful death, courts have readily found the amount in controversy is met. *See, e.g.*, *Foster v. Catalina Indus.*, 55 S.W.3d 385, 389 (Mo. Ct. App. 2001); *Cole v. Goodyear Tire & Rubber*, 967 S.W.2d 176, 179, 182 (Mo. Ct. App. 1998); *Letz v. Turbomeca Engine*, 975 S.W.2d 155, 163 (Mo. Ct. App. 1997).

10. In addition, a defendant may introduce, in a Notice of Removal, evidence of jury verdicts in analogous cases in order to show damages are likely to exceed $75,000. *Green v. Dial Corp.*, 4:11CV1635, 2011 WL 5335412, at *2 (E.D. Mo. Nov. 4, 2011); *Rodgers v. Wolfe*, No. 4:0CV01600ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006).

11. Juries in Missouri have awarded verdicts well in excess of $75,000 in cases like this one, alleging wrongful death from a defective tire or vehicle. *See, e.g.*, *Johnson v. Ford Motor Co.*, No. 04-CV-167401, 2009 WL 1348594 (Mo. Cir. Jan. 29, 2009) ($1.2 million verdict in wrongful death case involving allegations that defendant designed and manufactured a defective truck); *Pino v. Ryder TRS, Inc.*, Cause #22032-00869, 2006 WL 4671447 (Mo. Cir. Oct. 25, 2006) ($1.4 million verdict in wrongful death case involving allegations that defendant designed and manufactured defective truck brakes).

12. Additionally, Plaintiffs seek punitive damages, which must be included in the amount in controversy. *See Crawford v. F. Hoffman-La Roche, Ltd.*, 267 F.3d 760, 765 (8th Cir. 2001). A single digit multiplier for potential punitive damages as part of the amount in controversy plainly establishes that the jurisdictional requirement is met.

13. In addition to the damages sought on a wrongful death theory, each Plaintiff <u>also</u> seeks damages based on his or her own particularized injuries. Plaintiff Beth Cox alleges she suffered personal injuries including "a left distal radial metaphyseal fracture, contusions, and abrasions; and has sustained and will continue in the future to sustain pecuniary and non-pecuniary damages including, but not limited to, medical expenses, loss of earnings, and pain and suffering." (Pet'n ¶ 19.) Her minor children are alleged to have sustained injuries such as "multiple lacerations and abrasions," "a concussion and abrasions," "a buckle fracture of the left distal radial diaphysis, and abrasions," as well as "pain and suffering and mental anguish." (*Id.*

¶¶ 20-22.) Plaintiff Micah Cox alleges she "suffered multiple lacerations and abrasions resulting in nerve damage in her left lower extremity." (*Id.* ¶ 23.) And Plaintiff Richard LaBlue alleges he suffered "facial injuries and disfigurement to the right side of his face and eye." (*Id.* ¶ 24.)

14. Again, where, as here, a plaintiff seeks recovery for injuries of the type allegedly suffered here, courts have readily found the amount in controversy requirement met. *See, e.g.*, *Ippert v. Schwan's Home Serv., Inc.*, No. 4:10CV01947 AGF, 2011 WL 839654, at *2 (E.D. Mo. Mar. 7, 2011) (denying motion to remand, finding the plaintiff's alleged injuries, including bone fractures, lacerations, a closed head injury, and muscle damage, satisfied the amount in controversy requirement); *O'Keefe v. Midwest Transit, Inc.*, No. 4:06 CV 1060 DDN, 2006 WL 2672992, at *2 (E.D. Mo. Sept. 18, 2006) (finding defendant had proved by a preponderance of the evidence that the amount in controversy exceeded more than $75,000 where the plaintiff alleged in a collision she injured "her neck, left shoulder, arm, and hand"); *Thomas v. Mann*, No. 06-3269-CV-S-WAK, 2006 WL 2620644, at *2 (W.D. Mo. Sept. 12, 2006) (denying motion to remand where plaintiff alleged past and future medical expenses, loss of earning capacity, and injury to her back, legs, and feet after a vehicle accident).

15. Beth Cox's wrongful death claim makes clear her claims meet the amount in controversy requirement. Thus, even assuming, for the sake of argument, that either Plaintiff Micah Cox or Plaintiff Richard LaBlue, or both, do not have <u>individual</u> damages in excess of $75,000, the Court may still exercise supplemental jurisdiction over their claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include

claims that involve the joinder or intervention of additional parties."); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (holding that "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [section] 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction"); *Tucker v. Wal-Mart Stores, Inc.*, No. 1:06-CV-19 CAS, 2006 WL 1134712, at *2 (E.D. Mo. Apr. 26, 2006) ("[I]n removal cases involving multiple plaintiffs, the removing defendant need only show that one of the plaintiffs has an amount in controversy greater than $75,000, provided that the plaintiffs' claims are part of the same case or controversy.").

16. Thus, on the face of the Petition, a finder of fact could easily conclude that Plaintiffs are seeking damages in excess of $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002). Accordingly, Michelin has demonstrated the jurisdictional amount is met. *In re Minn. Mut. Life Ins. Sales Pracs. Litig.*, 246 F.3d 830, 835 (8th Cir. 2003); *Hollenbeck v. Outboard Marine*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001).

### B. The Parties are Diverse

17. Complete diversity of citizenship exists between Plaintiff and all properly named Defendants.

18. Plaintiffs are all citizens of Missouri. (Pet'n ¶¶ 1, 5, 6.)

19. At the time this lawsuit was filed and at all times since, Defendant Michelin North America, Inc. is a New York corporation with its principal place of business in South Carolina.

20. At the time this lawsuit was filed and at all times since, Defendant Michelin Corporation is a New York corporation with its principal place of business in South Carolina.

21. At the time this lawsuit was filed and at all times since, Defendant Ford Motor Company is a Delaware corporation with its principal place of business in Michigan.

22. Defendant Estate of Bradley Aaron Cox is alleged to be a Missouri citizen. (Pet'n. ¶ 9.) The Estate is not diverse from Plaintiffs.

23. The Estate's presence in this case does not defeat jurisdiction, however, because the Estate was fraudulently joined. The fraudulent joinder doctrine reflects a Congressional intent to "strike a balance between the plaintiff's right to select a particular forum and the defendants' right to remove a case to federal court." *See Knudson v. Systs. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011). Under the doctrine, a court disregards "the citizenship of a non-diverse defendant who was frivolously joined to defeat removal." *Grobe v. Vantage Credit Union*, 679 F. Supp. 2d 1020, 1025 (E.D. Mo. 2010).

24. Under Missouri law, a decedent's estate is not a legal entity and thus cannot sue or be sued. *See Steiner v. Vatterott*, 973 S.W.2d 191, 194 (Mo. App. 1998) (reversing and remanding judgment in favor of decedent's estate because an estate is not a legal entity); *see also In re Cromwell's Estate*, 522 S.W.2d 36, 41 (Mo. App. 1975) (personal estate of decedent is not a legal entity and it cannot sue or be sued as such and it cannot appeal as such).

25. Because under Missouri law it is clear the Decedent's estate is not a proper legal entity, Plaintiffs' causes of action against it are precluded. *See Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) ("Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent."). The Estate's citizenship must be

ignored. Because complete diversity exists among Plaintiffs and all remaining properly-named Defendants, this court may exercise jurisdiction over this case.

26. Even assuming, for the sake of argument, the Estate was a properly named entity (it is not), or that Plaintiffs had named the personal representative of the Estate (they did not), the Court should nevertheless ignore the citizenship of the Estate defendant,[1] because Plaintiffs do not have a real intent to obtain a judgment against the Estate.

27. Any fault a jury would apportion against the Estate would only serve to reduce the amount Plaintiffs could recover against the other two defendants. This is inconsistent with both common sense and the facts of this case.

28. Decedent died intestate. (*See* Ex. 1, Letters of Administration ("Bradley Aaron Cox, who resided in Jackson County, Missouri, died intestate.").) Thus, Decedent's spouse and children stand to gain nothing by suing the Estate in the products liability action, because Decedent's property, if any, will automatically descend and be distributed to them. *See* R.S. Mo. § 474.010.

29. Further, Plaintiffs have no intent to recover against the Estate because they are already aware the Estate has no assets. Each Plaintiff is a Claimant in the probate court matter pending in Jackson County. The probate records show that the Estate has none of the following: real property, furniture, household goods, wearing apparel, corporation stocks, mortgages, bonds, notes, cash, bank accounts, or insurance. (*See* Ex. 2, Docket Sheet for the Estate of Bradley A. Cox; Ex. 3, Inventory of Property for the Estate of Bradley A. Cox and Affidavit of Fiduciary.) And in fact, the Application for Letters of Administration specifically notes that the Estate was

---

[1] Under 28 U.S.C. § 1332(c)(2), the executor of an estate shall be deemed to be a citizen only of the same state as the decedent.

"opened for purposes of litigation." (Ex. 4, Application for Letters of Administration.) Plaintiffs' diversity defeating motive in naming the Estate is thus clear.

30. As further evidence, Plaintiffs failed to allege facts sufficient to state a cause of action against the Estate. This is a product liability action relating to injuries allegedly arising from Michelin's design and manufacture of tires and Ford's design and manufacture of vehicles. The Petition's ninety-two paragraphs focus almost entirely on allegations regarding Michelin's and Ford's knowledge and conduct in designing, manufacturing, marketing, and warranting the Subject Tire and Subject Van, respectively. The Petition's failure to "contain any fact-specific allegations regarding [the] negligence" of Decedent further evidences Plaintiffs' lack of real intent to pursue a judgment against the Estate. *Smalls v. Great Am. Lines, Inc.*, 2011 WL 3490007, at *4 (D.S.C. Aug. 9, 2011).

31. In contrast to the allegations against Michelin and Ford, in the entire Petition, the Estate's alleged negligence is mentioned only <u>once</u>, within the so-called cause of action against the Estate itself. (*See* Pet'n. ¶ 88 ("Decedent failed to maintain control of the subject van and prevent rollover following a de-treading of the rear tire.").) This singular "allegation" is conclusory and further demonstrates Plaintiffs' lack of real intent to pursue a judgment against the Estate.

32. For these reasons, in similar cases, other federal courts around the country have found fraudulent joinder when plaintiffs have attempted to include their own family members as defendants in cases where it makes no sense for them to do so. *See, e.g.*, *Fletcher v. Cooper Tire & Rubber Co.*, Civ. Action No. 2:13cv156-MHT, 2013 WL 3874443, at *4 (M.D. Ala. July 25, 2013) (denying plaintiffs' motion to remand, finding fraudulent joinder and concluding there is "no reasonable probability" their claim against their own family's estate will have merit); *Smalls*,

9

2011 WL 3490007, at *2, 4-5 (finding plaintiff fraudulently joined his wife's company as a defendant in a case where a joint judgment against his wife would adversely affect his own household income).

33. Thus, because it is "clear under governing state law that the Petition does not state a cause of action against the non-diverse defendant" Estate, joinder is fraudulent. *Filla*, 336 F.3d at 810.

34. Finally, if there is any doubt as to whether the Estate is fraudulently joined as a defendant, there is also an alternative basis to conclude it does not destroy diversity: this Court can conclude the Estate should be realigned as a party plaintiff. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (realigning parties according to interests). It is the federal courts' duty to "look beyond the pleading, and arrange the parties according to their sides in the dispute." *Id.* "The court must inquire into 'the principal purpose of the suit' and the 'primary and controlling matter in the dispute.'" *Universal Underwriters Ins. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1996) (citation omitted).

35. For the reasons set forth above, there is no real dispute between Plaintiffs and the Estate. As further proof, Plaintiff Beth Cox purports to bring claims on behalf of the wrongful death class. (Pet'n ¶ 18.) It simply cannot be that the wrongful death class is bringing a claim against the Estate, which would, in essence, amount to the Estate suing itself for its own negligence. *See Strycharz v. Barlow*, 904 S.W.2d 419, 427-28 (Mo. App. 1995), *overruled on other grounds* (affirming trial court's dismissal of wrongful death action against a defendant ad litem because the decedent's own negligence caused the accident); *see also* R.S. Mo. § 537.080.

36. The primary dispute in this case is with the manufacturers of the products alleged to be defective. Michelin respectfully submits Plaintiffs have no real dispute with the Estate but merely named it as a defendant to thwart removal.

### C. All Other Requirements For Removal Are Satisfied

37. All properly joined and served defendants join in this removal. 28 U.S.C. § 1446(b)(2)(A).

38. The Notice of Removal is timely filed. Each defendant has "30 days . . . after receipt . . . of the initial pleading . . . to file a notice of removal." 28 U.S.C. § 1446(b)(2)(B). Defendants MNA and Michelin Corp. were served on January 16, 2017. This Notice of Removal is filed within 30 days of that date.

39. This Court is a proper venue for this action, pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Western District of Missouri embraces Jackson County, where the state court action is now pending. 28 U.S.C. §84(a).

40. No previous application has been made for the relief requested herein.

41. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Michelin, including the summons and Petition, is attached hereto as Exhibit 5.

42. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal and the Notice of Removal will be served upon counsel for Plaintiffs and will be filed with the clerk for the Circuit Court of Jackson County.

43. If any question arises with regard to the removal of this action, Michelin respectfully requests the opportunity to be heard on it.

WHEREFORE, Michelin respectfully requests removal of this action from the Circuit Court of Jackson County, Missouri, bearing Case No. 1716-CV00913.

Dated: February 14, 2017

Respectfully submitted,

*s/ Peter W. Herzog III*
Peter W. Herzog III (MO #36429)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Telephone: 314.326.4129
Facsimile: 303.244.1879
Email: pherzog@wtotrial.com

Edward C. Stewart (CO #23834)
Marissa S. Ronk (CO #49181)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: stewart@wtotrial.com
ronk@wtotrial.com

Attorneys for Defendants Michelin North America, Inc. and Michelin Corporation

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on February 14, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Michael S. Kilgore
Humphrey, Farrington & McClain, P.C.
221 West Lexington, Suite 400
Independence, MO 64051
Email: msk@hfmlegal.com

*s/ Peter W. Herzog*
Attorneys for Defendants