# EXHIBIT 5



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JACK GRATE | Case Number: 1716-CV00913 | |
|---|---|---|
| Plaintiff/Petitioner:<br>BETH A. COX<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL SHAWN KILGORE<br>221 W. Lexington<br>SUITE 400<br>INDEPENDENCE, MO 64051 | |
| Defendant/Respondent:<br>FORD MOTOR COMPANY, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MICHELIN CORPORATION

SRV: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

13-JAN-2017
Date                                                                                     Clerk

*JACKSON COUNTY*    Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
(Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____        _____
                                         Date                                                 Notary Public

**Sheriff's Fees**
Summons                              $_____
Non Est                                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $   10.00
Mileage                                $_____ ( _____ miles @ $._____ per mile)
Total                                    $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCCCIVCV) For Court Use Only: Document Id # 17-SMCC-998    1    of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00111-DW   Document 1-5   Filed 02/14/17   Page 2 of 30

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| BETH A. COX, individually, on behalf of the wrongful death class, and as Next Friend for her minor children MIRIAM COX, MORIAH COX, and ESTHER COX<br>1021 N. Liberty<br>Independence, MO 64050<br><br>MICAH COX<br>1021 N. Liberty<br>Independence, MO 64050<br><br>RICHARD D. LABLUE<br>1216 S. Osage St.<br>Independence, MO 64055<br><br>    Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, INC.<br><u>Serve</u>: The Corporation Company<br>    120 South Central Ave.<br>    Clayton, MO 63105<br><br>MICHELIN NORTH AMERICA, INC.<br><u>Serve</u>: CT Corporation System<br>    120 South Central Ave.<br>    Clayton, MO 63105<br><br>MICHELIN CORPORATION<br><u>Serve</u>: CT Corporation System<br>    120 South Central Ave.<br>    Clayton, MO 63105<br><br>ESTATE OF BRADLEY AARON COX<br><u>Serve</u>: Personal Representative<br>    Jonathan Whitehead<br>    229 S.E. Douglas St., Ste. 210<br>    Lee's Summit, MO 64063<br><br>    Defendants. | Case No. _____<br><br><br>Div. _____<br><br><br>JURY TRIAL DEMANDED |

## PETITION

COME NOW Plaintiffs Beth A. Cox, in her individual capacity and as next friend for her minor children Miriam Cox, Moriah Cox, and Esther Cox, Plaintiff Micah Cox, and Plaintiff Richard D. LaBlue, by and through counsel, and for their claims and causes of action against Defendants Ford Motor Company, Inc., Michelin North America, Inc., Michelin Corporation, and the Estate of Bradley A. Cox, state and allege as follows:

### Parties

1. Plaintiff Beth A. Cox ("Cox") is a Missouri citizen residing at 1021 N. Liberty, Independence, Missouri 64050.

2. Miriam Cox is a minor child residing with her natural mother, Beth A. Cox, at 1021 N. Liberty, Independence, Missouri 64050.

3. Moriah Cox is a minor child residing with her natural mother, Beth A. Cox, at 1021 N. Liberty, Independence, Missouri 64050.

4. Esther Cox is a minor child residing with her natural mother, Beth A. Cox, at 1021 N. Liberty, Independence, Missouri 64050.

5. Micah Cox is Missouri citizen residing at 1021 N. Liberty, Independence, Missouri 64050.

6. Plaintiff Richard D. LaBlue ("LaBlue") is a Missouri citizen residing at 1216 S. Osage Street, Independence, Missouri 64055.

7. Defendant Ford Motor Company ("Ford") is organized under the laws of Delaware and maintains an office for service of process at The Corporation Company, 120 South Central Avenue, Clayton, MO 63105.

8. Defendant Michelin North America, Inc. ("Michelin N.A.") is organized under the laws of New York and maintains an office for service of process at CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105. Defendant Michelin Corporation ("Michelin Corp.") is organized under the laws of New York and maintains an office for service of process at CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105. Michelin N.A. and Michelin Corp. are referred to collectively herein as "Defendant Michelin".

9. Prior to his death, Bradley A. Cox ("Decedent") was a Missouri citizen residing at 1021 N. Liberty, Independence, Missouri 64050. The Estate of Bradley Aaron Cox is subject to service of process through the Personal Representative of the estate, Jonathan Whitehead.

10. Decedent is survived by his spouse, Plaintiff Beth A. Cox, and children Miriam Cox, Ruth Cox, Esther Cox, Sarah Cox, Adina Cox, Moriah Cox, Rebekah LaBlue, and Micah Cox ("wrongful death class"). No other individuals are entitled to recover damages for the death of Decedent pursuant to § 537.080.1(1) R.S.Mo.

## Jurisdiction & Venue

11. Defendants Ford, Michelin N.A., and Michelin Corp., are registered to conduct business in the State of Missouri, regularly conduct business within this state, and committed tortious acts within this state, thereby making jurisdiction proper pursuant to §506.500 R.S.Mo. Further, defendants have substantial, systematic, and continuous contact with the State of Missouri such that the exercise of general personal jurisdiction over defendants is fair, just and appropriate.

12. Venue is proper in this Court pursuant to §508.010 R.S.Mo. Jackson County is the principal place of residence of all Plaintiffs and Decedent on the date of first injury.

3

Case 4:17-cv-00111-DW   Document 1-5   Filed 02/14/17   Page 6 of 20

Electronically Filed - Jackson - Independence - January 12, 2017 - 04:23 PM

## Allegations Common To All Counts

13. On or about November 28, 2015, at approximately 3:24 p.m., Decedent was driving a 2001 Ford Econoline 350, VIN #1FBSS31S01HB23647, ("subject van") southbound on US 69 Highway near Milepost 108 in Miami County, Kansas.

14. At said time and place, in addition to Decedent, the subject van was occupied by Beth A. Cox, Miriam Cox, Ruth Cox, Esther Cox, Sarah Cox, Adina Cox, Moriah Cox, Rebekah LaBlue, Micah Cox, Richard D. LaBlue, and Brian LaBlue.

15. The subject van was equipped with a Uniroyal Liberator A/T size LT245/75R16 tire ("subject tire") on the rear passenger side of the vehicle.

16. At said time and place, the subject tire failed, deflated, de-treaded, and became detached from the wheel.

17. At said time and place, Decedent was unable to maintain control of the subject van, which traveled into the left southbound lane, and rolled multiple times before coming to rest on its top in the northbound lanes of US 69 Highway.

18. As a direct and proximate result of the occurrence, Decedent Bradley A. Cox suffered blunt force trauma causing his death; and as a result of his premature death, members of the wrongful death class have sustained and will continue in the future to sustain pecuniary and non-pecuniary losses including, but not limited to, loss of services, companionship, comfort, instruction, guidance, counsel, training, support, attention, marital and parental care, advise, and protection; loss of earnings the deceased would have provided; funeral expenses; and mental anguish and suffering.

19. As a direct and proximate result of the occurrence, Plaintiff Cox additionally suffered a left distal radial metaphyseal fracture, contusions, and abrasions; and has sustained

4

and will continue in the future to sustain pecuniary and non-pecuniary damages including, but not limited to, medical expenses, loss of earnings, and pain and suffering.

20. As a direct and proximate result of the occurrence, Esther Cox additionally suffered multiple lacerations and abrasions; and has sustained and will continue in the future to sustain pain and suffering and mental anguish.

21. As a direct and proximate result of the occurrence, Miriam Cox additionally suffered a concussion and abrasions; and has sustained and will continue in the future to sustain pain and suffering and mental anguish.

22. As a direct and proximate result of the occurrence, Moriah Cox additionally suffered a buckle fracture of the left distal radial diaphysis, and abrasions; and has sustained and will continue in the future to sustain pain and suffering and mental anguish.

23. As a direct and proximate result of the occurrence, Plaintiff Micah Cox additionally suffered multiple lacerations and abrasions resulting in nerve damage in her left lower extremity; and has sustained and will continue in the future to sustain pain and suffering and mental anguish.

24. As a direct and proximate result of the occurrence, Plaintiff LaBlue suffered facial injuries and disfigurement to the right side of his face and eye; and has sustained and will continue in the future to sustain pecuniary and non-pecuniary damages including, but not limited to, medical expenses, loss of earnings, and pain and suffering.

25. The subject van and the subject tire were purchased, sold, and delivered in the State of Missouri.

26. The subject van was purchased by Plaintiff Cox and Decedent from Master's Transportation, 800 Quick Trip Way, Belton, Missouri 64012, on or about September 23, 2011.

5

Electronically Filed - Jackson - Independence - January 12, 2017 - 04:23 PM

27. The subject tire was purchased by Plaintiff Cox from Walmart, Store #1014, 4000 S. Bolger Road, Independence, Missouri 64055, on or about September 28, 2011.

### Count 1 – Strict Liability
### (Plaintiffs v. Defendant Michelin)

28. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

29. Defendant Michelin designed, tested, manufactured, distributed, marketed, advertised, and sold the subject tire.

30. At the time of manufacture and sale, the subject tire was defective in design and/or in manufacture and was unreasonably dangerous in that the steel belt package of the tire lacked adequate adhesion to prevent premature, catastrophic tread/belt separations; the inner liner was insufficient and failed to prevent excess oxygen from penetrating the steel belt package leading to excessive rubber degradation and a premature, catastrophic tread/belt separation.

31. Defendant Michelin designed, tested, manufactured, distributed, marketed, advertised, and sold the subject tire in the ordinary course of business, and is liable for defects in the subject tire under the doctrine of strict liability in tort.

32. The subject tire was defective in design and in manufacture and was unreasonably dangerous at the time it was manufactured by Defendant Michelin and left its control.

33. The subject tire was further defective because it lacked adequate instructions or warnings concerning the risk of catastrophic tread/belt separation.

34. The subject tire was expected to reach and did reach Plaintiff Cox and Decedent without substantial change or material alteration in the condition in which it was manufactured and sold.

35. The subject tire was put to a use reasonably anticipated when it was used on the subject van.

6

Case 4:17-cv-00111-DW   Document 1-5   Filed 02/14/17   Page 9 of 20

Electronically Filed - Jackson - Independence - January 12, 2017 - 04:23 PM

36. At the time the subject tire left the control of Defendant Michelin, it was in a condition not contemplated by Plaintiffs and was unreasonably dangerous and defective to an extent beyond which would be contemplated by the ordinary consumer.

37. The risks associated with the subject tire outweighed any claimed or perceived benefits. There existed practical, feasible, and safer alternatives available for the design and manufacture of the subject tire.

38. The defective condition of the subject tire was a substantial factor in causing the injuries alleged herein and the death of Decedent.

39. As a direct and proximate result of the acts and omissions alleged herein, either alone or in combination with the acts and omissions of other Defendants, Plaintiff Cox, Esther Cox, Miriam Cox, Moriah Cox, Plaintiff Micah Cox, and Plaintiff LaBlue suffered personal injuries and damages, and the wrongful death class sustained damages from the premature death of Decedent, as alleged herein, and resulting damages will continue to be suffered in the future.

### Count 2 – Negligence
### (Plaintiffs v. Defendant Michelin)

40. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

41. Defendant Michelin owed a duty to Plaintiffs and all consumers to exercise reasonable care in the design, testing, inspection, manufacture, distribution, marketing, advertising, and sale the subject tire, and in giving adequate instructions and warnings of the dangers attendant with use of the subject tire.

42. Defendant Michelin failed to use ordinary care in the design, testing, inspection, manufacture, distribution, marketing, advertising, and sale the subject tire and other tires utilizing the same or similar design, and in warning of the dangers attendant with its use.

43. At all relevant times, it was foreseeable that users would suffer injury or death as a result of Defendant Michelin's failure to exercise ordinary care.

44. As a direct and proximate result of the acts and omissions alleged herein, either alone or in combination with the acts and omissions of other Defendants, Plaintiff Cox, Esther Cox, Miriam Cox, Moriah Cox, Plaintiff Micah Cox, and Plaintiff LaBlue suffered personal injuries and damages, and the wrongful death class sustained damages from the premature death of Decedent, as alleged herein, and resulting damages will continue to be suffered in the future.

### Count 3 – Breach Of Express/Implied Warranty
### (Plaintiffs v. Defendant Michelin)

45. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

46. Defendant Michelin impliedly and expressly warranted that the subject tire and other tires utilizing the same or similar design were merchantable quality and reasonably safe and suitable for all purposes and uses for which such tires were represented and sold.

47. Defendant Michelin knew or should have known the use for which the subject tire was purchased, including use on a 15 passenger van at highway speeds.

48. When the subject tire left the control of and was sold by Defendant Michelin, the subject tire was defective and not fit for use on 15 passenger vans at highway speeds.

49. As a direct and proximate result of the acts and omissions alleged herein, either alone or in combination with the acts and omissions of other Defendants, Plaintiff Cox, Esther Cox, Miriam Cox, Moriah Cox, Plaintiff Micah Cox, and Plaintiff LaBlue suffered personal injuries and damages, and the wrongful death class sustained damages from the premature death of Decedent, as alleged herein, and resulting damages will continue to be suffered in the future.

### Count 4 – Strict Liability
### (Plaintiffs v. Defendant Ford)

8

Case 4:17-cv-00111-DW   Document 1-5   Filed 02/14/17   Page 11 of 20

50. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

51. At all times material hereto, Defendant Ford was engaged in the business of designing, manufacturing, assembling, inspecting, testing, marketing, distributing, and selling motor vehicles, such as the subject van, for the general public, including Plaintiffs and Decedent.

52. Defendant Ford designed, tested, manufactured, distributed, and placed into the stream of commerce the subject van which reached Plaintiff Cox and Decedent in the same or substantially the same condition in which it was manufactured and sold, and said condition was defective and unreasonably dangerous.

53. At the time of the occurrence alleged herein, the subject van and its component parts were being used for the purposes for which they were intended and in a manner reasonably foreseeable by Ford.

54. Defendant Ford designed, manufactured, assembled, inspected, distributed, and sold the subject van in a manner so as to render the subject van defective and unreasonably dangerous for its intended use.

55. Defendant Ford reasonably expected the subject van would be used to transport passengers and would reach ultimate consumers in the condition that it was in at the time of the occurrence alleged herein.

56. The subject van was defective when it left the possession of Ford and was expected to and did reach Plaintiff Cox and Decedent without substantial change in its condition.

57. Defendant Ford's design, manufacturing, assembling, inspection, distribution, marketing, and sale of the subject van caused the defective and unsafe condition which was a proximate cause of the occurrence alleged herein, and as a result, Defendant Ford is strictly liable to Plaintiffs.

Electronically Filed - Jackson - Independence - January 12, 2017 - 04:23 PM

58. At the time of the occurrence, the subject van was in substantially the same mechanical and design condition as it was on the date of its manufacture and sale.

59. The crash event and crash mode involved in the occurrence were reasonably foreseeable by Ford.

60. At the time of the occurrence, the subject van was defective and unreasonably dangerous, subjecting the van's occupants to an unreasonable risk of harm in that the subject van as designed had a substantial propensity to lose directional stability and to rollover under foreseeable driving conditions.

61. The subject van was unreasonably dangerous and defective by design and manufacture in that the van had an unreasonably high center of gravity, rearward center of gravity when loaded, and a narrow track width.

62. Ford's design of the subject van is such that it exhibits inherently unsafe characteristics, including oversteer, skating, and darting that have the effect of putting drivers in situations where they can no longer predict what steering maneuver is necessary to keep the van on the roadway and remain in control of the vehicle.

63. At the time of the occurrence, the subject van was defective and unreasonably dangerous, subjecting the van's occupants to an unreasonable risk of harm in that the subject van as designed had a substantial propensity to cause a de-treading of the rear tires, thereby compounding the risk of loss of control and rollover.

64. Defendant Ford failed to follow its own internal design guidelines and properly test and analyze the subject van with appropriate real-world testing so as to properly address the vehicle's inherent unsafe characteristics.

Electronically Filed - Jackson - Independence - January 12, 2017 - 04:23 PM

65. The defective design and manufacture of the subject van was such that it subjected the van's occupants, including Decedent, to increased risk of injury and/or death from secondary impact forces solely caused by the defective design and manufacture of the subject vehicle.

66. The subject van's occupant compartment was inadequate to reasonably protect occupants from foreseeable crash forces in rollover accidents. The subject van was not crashworthy in that it failed to have reasonable roof structure collapse resistance despite the fact that Ford was aware of the importance of preventing roof structure collapse and maintaining adequate survival space for occupants in foreseeable rollover accidents. These defects existed despite the fact that it would have been practical and relatively inexpensive for Ford to incorporate alternative designs into the subject van that would have provided reasonable collapse resistance in the event of rollover.

67. The risks associated with design of the subject van outweighed any claimed or perceived benefits. There existed practical, feasible, and safer alternatives available for the design and manufacture of the subject van.

68. Defendant Ford designed and manufactured the defective van by deliberately opting not to design and equip the van with components that could enhance or increase the van's safety, including a dual-axle assembly, reinforced roof lines, seat integrated seatbelts, anti-burst door locks, laminated side glass, and electronic stability control.

69. The subject van's roof and supporting structures were inadequate to protect occupants from foreseeable crash forces in rollover accidents. These components were designed and manufactured in such a way that the roof could and did unreasonably intrude into the occupant compartment during a rollover.

70. The subject van was further defective and unreasonably dangerous in that Defendant Ford failed to adequately warn foreseeable users, including Plaintiff Cox and Decedent, of the risks of loss of control, tire de-treading, rollover, and roof collapse inherent in the design of the subject van.

71. As a direct and proximate result of the acts and omissions alleged herein, either alone or in combination with the acts and omissions of other Defendants, Plaintiff Cox, Esther Cox, Miriam Cox, Moriah Cox, Plaintiff Micah Cox, and Plaintiff LaBlue suffered personal injuries and damages, and the wrongful death class sustained damages from the premature death of Decedent, as alleged herein, and resulting damages will continue to be suffered in the future.

### Count 5 – Negligence
### (Plaintiffs v. Defendant Ford)

72. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

73. Defendant Ford had a duty to not distribute into the stream of commerce a vehicle that was designed, manufactured, distributed, and marketed with handling, control, and occupant compartment intrusion problems, including the propensity to rollover and to cause rear tire de-treading, which rendered the vehicle defective and unreasonably dangerous.

74. Defendant Ford had a duty to adequately warn and instruct consumers, including Plaintiffs and Decedent, about the handling, control, and occupant compartment intrusion problems, including the propensity to rollover and to cause rear tire de-treading, without which Plaintiffs and Decedent could not reasonably be expected to appreciate the danger.

75. Defendant Ford breached its duty to exercise reasonable care when it negligently designed, manufactured, marketed, and distributed the subject van with handling, control, and occupant compartment intrusion problems, including the propensity to rollover and to cause rear

12

Case 4:17-cv-00111-DW   Document 1-5   Filed 02/14/17   Page 15 of 20

tire de-treading, and without adequate warnings and instructions, which rendered the vehicle defective and unreasonably dangerous.

76. Defendant Ford breached its duty to exercise reasonable care by deliberately opting not to design and equip the subject van with components that could enhance or increase the van's safety, including a dual-axle assembly, reinforced roof lines, seat integrated seatbelts, anti-burst door locks, laminated glass, and electronic stability control. Despite its knowledge that such vehicle components could have enhanced or increased the van's safety, the subject van did not contain any of these safety enhancements.

77. Defendant Ford knew or should have known that the subject van was negligently designed in a defective condition making it unreasonably dangerous to the public, including Plaintiffs and Decedent.

78. Defendant Ford knew or should have known the subject van was unreasonably unstable, had a tendency to rollover, had a tendency to cause rear tire de-treading, and failed to provide sufficient occupant protection in the event of rollover.

79. Defendant Ford knew or should have known the stability and handling systems, combined with poor occupant protection systems and the propensity to cause rear tire de-treading, created an unreasonably dangerous product.

80. Despite Ford's knowledge of the unreasonably dangerous and defective stability and handling systems and occupant protection systems, Ford took no steps to protect the general public, or Plaintiffs and Decedent, from foreseeable and anticipated harm.

81. As a direct and proximate result of the acts and omissions alleged herein, either alone or in combination with the acts and omissions of other Defendants, Plaintiff Cox, Esther Cox, Miriam Cox, Moriah Cox, Plaintiff Micah Cox, and Plaintiff LaBlue suffered personal

injuries and damages, and the wrongful death class sustained damages from the premature death of Decedent, as alleged herein, and resulting damages will continue to be suffered in the future.

### Count 6 – Breach Of Express/Implied Warranty
### (Plaintiffs v. Defendant Ford)

82. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

83. Defendant Ford impliedly and expressly warranted that the subject van and other vans utilizing the same or similar design were merchantable quality and reasonably safe and suitable for all purposes and uses for which such vans were represented and sold.

84. Defendant Ford knew or should have known the use for which the subject van was purchased, including its operation while loaded at highway speeds.

85. When the subject van left the control of and was sold by Defendant Ford, the subject van was defective and not fit for operation while loaded at highway speeds.

86. As a direct and proximate result of the acts and omissions alleged herein, either alone or in combination with the acts and omissions of other Defendants, Plaintiff Cox, Esther Cox, Miriam Cox, Moriah Cox, Plaintiff Micah Cox, and Plaintiff LaBlue suffered personal injuries and damages, and the wrongful death class sustained damages from the premature death of Decedent, as alleged herein, and resulting damages will continue to be suffered in the future.

### Count 7 – Negligence
### (Plaintiffs v. Estate of Bradley Aaron Cox)

87. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

88. At the time of the occurrence, Decedent had a duty to exercise reasonable care in the operation of the subject van.

89. Decedent failed to maintain control of the subject van and prevent rollover following a de-treading of the rear tire.

90. As a direct and proximate result of the acts and omissions alleged herein, in combination with the acts and omissions of other Defendants, Plaintiff Cox, Esther Cox, Miriam Cox, Moriah Cox, Plaintiff Micah Cox, and Plaintiff LaBlue suffered personal injuries and damages, as alleged herein, and resulting damages will continue to be suffered in the future.

### Count 8 – Punitive Damages
### (Plaintiffs v. Defendants Michelin & Ford)

91. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

92. The conduct of Defendants Michelin and Ford, as alleged herein created a high degree of probability of injury to others demonstrating complete indifference to and conscious disregard for the safety of others, including Plaintiffs and Decedent, thereby justifying the submission of punitive damages in this case.

### Prayer For Relief

WHEREFORE, based on the foregoing:

Plaintiff Beth A. Cox, individually, and as next friend for her minor children Esther Cox, Miriam Cox, and Moriah Cox, prays for judgment against all Defendants, jointly and severally, for compensatory damages in amounts determined to be fair and reasonable by a jury, and for punitive damages against Defendants Michelin and Ford, together with interest and costs, and for such further and additional relief deemed just and proper;

Plaintiff Beth A. Cox, in her capacity as the surviving spouse of Bradley A. Cox, prays for judgment against Defendants Michelin and Ford for compensatory damages permitted by §537.090 R.S.Mo., in an amount determined to be fair and reasonable by a jury, and for punitive

Case 4:17-cv-00111-DW   Document 1-5   Filed 02/14/17   Page 18 of 20

damages for aggravating circumstances, together with interest and costs, and for such further and additional relief deemed just and proper;

Plaintiff Micah Cox prays for judgment against all Defendants, jointly and severally, for compensatory damages in an amount determined to be fair and reasonable by a jury, and for punitive damages against Defendants Michelin and Ford, together with interest and costs, and for such further and additional relief deemed just and proper; and

Plaintiff Richard D. LaBlue prays for judgment against all Defendants, jointly and severally, for compensatory damages in an amount determined to be fair and reasonable by a jury, and for punitive damages against Defendants Michelin and Ford, together with interest and costs, and for such further and additional relief deemed just and proper.

## Demand For Jury Trial

Plaintiffs hereby demand trial by jury on all issues raised herein.

Dated this 12th day of January, 2017.

<div style="margin-left: 50%;">

Respectfully Submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

*/s/ Michael S. Kilgore*
Kenneth B. McClain   #32430
Michael S. Kilgore   #44149
Kevin D. Stanley     #48008
221 West Lexington, Ste. 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050
(816) 836-8966 – fax
kbm@hfmlegal.com
msk@hfmlegal.com
kds@hfmlegal.com

</div>

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| BETH A. COX, et al. | ) |
|     Plaintiffs, | ) ) ) |
| v. | ) Case No. 1716-CV00913 ) ) Div. \_\_\_\_ ) |
| FORD MOTOR COMPANY, INC., et al. | ) JURY TRIAL DEMANDED ) ) |
|     Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of *Plaintiffs' First Interrogatories to Defendant Ford Motor Company* and *Plaintiffs' First Request for Production of Documents to Defendant Ford Motor Company* were submitted for service on Defendant contemporaneously with the Petition

Respectfully Submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

/s/ Michael S. Kilgore
Kenneth B. McClain  #32430
Michael S. Kilgore  #44149
Kevin D. Stanley  #48008
221 West Lexington, Ste. 400
P.O. Box 900
Independence, MO 64051
(816) 836-5050
(816) 836-8966 – fax
kbm@hfmlegal.com
msk@hfmlegal.com
kds@hfmlegal.com

1